IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HILLARD M. WINN, | § | |
| | § | |
| Defendant Below, | § | No. 520, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | ID. No. 0603002909 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 5, 2018
Decided: May 29, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 29th day of May 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Hillard M. Winn, filed this appeal from the Superior Court's November 8, 2017 order denying his motion for correction of sentence under Superior Court Criminal Rule 36.[1]  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Winn's opening brief that the appeal is without merit.  We agree and affirm.

---

[1] *State v. Winn*, 2017 WL 5624309 (Del. Nov. 8, 2017).

(2) The record reflects that, in 2006, a Superior Court jury found Winn guilty of Burglary in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony ("PDWCF"), Terroristic Threatening, and Assault in the Third Degree as a lesser included offense of Assault in the Second Degree. The Superior Court granted the State's motion to declare Winn an habitual offender under 11 *Del. C.* § 4214(a). Winn was sentenced to thirty-four years of Level V incarceration (including thirty years as an habitual offender for Burglary in the First Degree), suspended after thirty-two years for decreasing levels of supervision. This Court affirmed the Superior Court's judgment on direct appeal.[2]

(3) On June 14, 2017, Winn filed a Motion for Correction of Sentence under Superior Court Criminal Rule 36. Rule 36 provides that the Superior Court may correct clerical mistakes or errors arising from oversight or omission at any time. Winn argued that his Burglary in the First Degree sentence should not have been designated a Truth in Sentencing ("TIS") Act sentence because it was an habitual offender sentence that did not fall under the TIS Act. According to Winn, the incorrect TIS designation meant he could not earn statutory good time at the pre-TIS rate (five days a month in the first year, seven days a month in the second year, etc.). The State opposed the motion, arguing that the TIS designation was not a

---

[2] *Winn v. State*, 2008 WL 223257 (Del. Jan. 28, 2008).

clerical error and Winn could not earn statutory good time on his habitual offender sentence.

(4) On November 8, 2017, the Superior Court denied Winn's motion. The Superior Court found that the TIS reference in Winn's sentence was not an error and that, as an habitual offender under § 4214(a), he was not entitled to good time credit under 11 *Del. C.* § 4381(b) for his Burglary in the First Degree conviction.[3] This appeal followed.

(5) In his opening brief, Winn argues, as he did below, that his habitual offender sentence for Burglary in the First Degree should not have been designated a TIS sentence and that he is entitled to good time credit for his Burglary in the First Degree conviction. Winn claims that his habitual offender sentence for Burglary in the First Degree is not subject to the TIS Act because the TIS Act does not include § 4214. Winn misconstrues the applicability of the TIS Act. The TIS Act of 1989 applies to all crimes committed after June 29, 1990.[4] Winn committed Burglary in the First Degree in 2006 so that conviction and sentence are subject to the TIS Act. Winn also ignores that § 4214 was amended in connection with the TIS Act "to provide clarification and consistent application of the intent of the Truth in

---

[3] *Winn*, 2017 WL 5624309, at *1-2.
[4] 67 Del. Laws, ch. 130, § 3; *Snyder v. Andrews*, 708 A.2d 237, 238 (Del. 1998).

Sentencing Act of 1989."[5]  Winn's sentencing as an habitual offender under § 4214 for Burglary in the First Degree does not make that sentence a pre-TIS Act sentence.

(6)     Although Winn is not entitled to good time credit at the pre-TIS Act rate, the State concedes that, contrary to the arguments it made below and the Superior Court's ruling, Winn is entitled to good time credit on his habitual offender sentence for Burglary in the First Degree.  The State notes that the offender status sheet Winn included in the appendix to his opening brief shows that he has earned good time of 1,140 days.  We accept the State's concession that Winn is entitled to good time under the TIS Act and that his offender status sheet appears to reflect that he is earning good time at the appropriate rate.  We affirm the Superior Court's denial of Winn's motion for correction of sentence on the ground that Winn's Burglary in the First Degree sentence was correctly designated a TIS sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED in part.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] 67 Del. Laws, ch. 350.  *See also Crosby v. State*, 824 A.2d 894, 900 (Del. 2003) (discussing amendments to § 4214 that were made as part of the TIS Act).

4